IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JAMES KEPLINGER, :
:
Petitioner :
:
v. : CIVIL NO. 4:CV-05-2591
:
WARDEN K. HOGSTEN, : (Judge Jones)
:
Respondent :

**MEMORANDUM AND ORDER**

January 18, 2006

**Background**

 James Keplinger ("Petitioner" or "Keplinger"), an inmate presently confined at the Allenwood Federal Correctional Institution Medium, in White Deer, Pennsylvania ("FCI-Allenwood"), filed this pro se Petition for Writ of Habeas Corpus ("the Petition") pursuant to 28 U.S.C. § 2241.  Keplinger paid the required filing fee on January 13, 2006.  Named as Respondent is FCI-Allenwood Warden K. Hogsten.

 Petitioner states that he pled guilty to criminal charges in two separate cases before the United States District Court for the Eastern District of Pennsylvania.  He was thereafter sentenced to an aggregate term of imprisonment totaling "132 months." (Rec. Doc. 1, ¶ 4).  As part of the sentence from his first conviction, Petitioner and

two co-defendants were ordered to pay restitution in the amount of $8,817.00.  With

respect to his second prosecution, Keplinger and a single co-defendant were ordered

to pay restitution in the amount of $585.00.  Petitioner states that his share of

restitution in the first case is $2,939.00 and $292.50 is the amount of restitution he

owes in the second case.  Keplinger acknowledges that the sentencing court directed

that he should begin making restitution payments while incarcerated as part of Federal

Bureau of Prisons' ("BOP")  Inmate Financial Responsibility Plan ("IFRP").

     In his present Petition, Keplinger initially argues that the BOP "Can Not

Determind  [sic]  The Amount And Schedule Of Payments In Regards To The Order

Of Restitution Imposed By The District Court."  Id. at ¶ 9(a).  He claims that the BOP

has forced him through coercive tactics to a voluntary payment schedule which he

indicates is unreasonable.  On May 12, 2005, Petitioner asserts that he initiated an

unsuccessful administrative grievance "to stop BOP's unlawful schedualing [sic] of

payments and restitution."  Id. at ¶ 10.  Keplinger concludes that he is entitled to

federal habeas corpus relief, specifically, he  requests that his restitution payments be

suspended "until the District Court can make a proper assessment/review" of his

ability to make restitution payments.  Id. at p. 4.2.

**Discussion**

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides, in relevant part, as follows:

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified.

A federal criminal defendant's sentence is subject to collateral attack in a proceeding before the sentencing court pursuant to 28 U.S.C. § 2255.  E.g., United States v. Addonizio, 442 U.S. 178, 179 (1979).    Keplinger's present Petition in part appears to seek clarification of the order of restitution imposed by the Eastern District of Pennsylvania.  Therefore, § 2255 would ordinarily be the proper vehicle for such a claim.

The United States Court of Appeals for the Third Circuit has held that as to issues cognizable by the sentencing court under § 2255, a § 2255 "supersedes habeas corpus and provides the exclusive remedy."  Strollo v. Alldredge, 463 F.2d 1194, 1195 (3d Cir. 1972)(per curiam), cert. denied, 409 U.S. 1046 (1972).  Under In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997), a § 2255 motion is only "inadequate and ineffective" (thus allowing a petitioner to bring a § 2241 habeas corpus action) where

3

the denial of a habeas action would raise serious constitutional issues.  Id. at 249.  In

Dorsainvil, the serious constitutional issue was that a change in substantive law

rendered the conduct for which petitioner was convicted no longer criminal.  Id. at

251.  Thus, this case set a high bar for what a court will consider a serious

constitutional issue sufficient to allow a petitioner to bring a § 2241 petition to

challenge a conviction or sentence.

    Unlike Dorsainvil, Keplinger's request for clarification of his sentence is

not premised on any intervening change in substantive law that would negate the

criminal nature of his conduct with respect to his federal conviction.  Fundamental to

Dorsainvil was the fact that the petitioner may actually be innocent of the crime

charged.  In this case, Keplinger has failed to present any allegations suggesting that

he was innocent.  Rather, his claim is solely based on a sentencing related issue.

    Consequently, Dorsainvil does not authorize consideration of Keplinger's

Petition regarding sentence clarification.  Since such a claim cannot be properly

asserted before this Court, to the extent that the Petition seeks such relief, it will be

dismissed without prejudice.  However, Petitioner, if he so chooses, may seek

clarification of his sentence from the Eastern District of Pennsylvania.

Second, this action also concerns the propriety of the BOP's determination as to the amount of Petitioner's restitution payments under the IFRP.  It is well-settled that habeas relief is limited to inquiries into the "legality of detention."  <u>Leamer v. Fauver</u>, 288 F.3d 532, 540 (3d Cir. 2002); <u>Preiser v. Rodriguez</u>, 411 U.S. 475 (1973).  Federal habeas relief is unavailable unless the petition attacks the "validity of the continued conviction or the fact or length of the sentence."  <u>Id.</u> at 542.  Keplinger's challenge to the amount of his IFRP payments does not concern either the fact or duration of his confinement in prison.

Based on the injunctive relief sought and a review of Keplinger's allegations, "habeas corpus is not an appropriate or available federal remedy."  <u>See Linnen v. Arainis</u>, 991 F.2d 1102, 1109 (3d Cir. 1993); <u>Hahn v. Larkins</u>, Civil No. 97-0822 (M.D. Pa. June 30, 1997) (Rambo, C.J.); <u>Lee v. Larkins</u>, Civil No. 97-1095 (M.D. Pa. July 25, 1997) (Kosik, J.).  Consequently, Keplinger's Petition will be denied as meritless.  However, the Court's decision herein is without prejudice.  Petitioner, if he so chooses, is free to reassert his allegations and request for injunctive relief in a properly filed civil rights complaint.

5

**NOW, THEREFORE, IT IS ORDERED THAT:**

1.      The Petition for Writ of Habeas Corpus is denied, without prejudice,

as meritless.

2.      The Clerk of Court is directed to close the case.

3.      Based on the Court's conclusion herein, there is no basis for the

issuance of a Certificate of Appealability.


s/ John E. Jones III
JOHN E. JONES III
United States District Judge